UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JONATHAN WALLACE,  :
               Petitioner,  :
                                                          :   **MEMORANDUM OPINION**
v.  :   **AND ORDER**
                                                          :
TIMOTHY MCCARTHY,  :   19 CV 1083 (VB)
               Respondent.  :
--------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated July 30, 2020 (Doc. #13), on Jonathan Wallace's pro se petition for a writ of habeas corpus. Petitioner was convicted after a jury trial in Supreme Court, Westchester County, of rape in the third degree, attempted criminal sex act in the first degree, and unlawful imprisonment in the second degree. He was sentenced as a second felony offender to an aggregate term of twelve years' imprisonment, plus twenty years' post-release supervision. Petitioner's conviction and sentence were affirmed by the Appellate Division, Second Department, and his application for leave to appeal to the Court of Appeals was denied.

       Petitioner timely filed the instant petition, in which he claims he could not have effectively waived his right to counsel during his initial interrogation by police because, at that time, he was represented by an attorney on a separate criminal charge and that attorney was not present during his waiver.

       The magistrate judge recommended that the Court deny the petition. Specifically, Judge Smith found that (i) the petition is not cognizable on federal habeas review because petitioner's right to counsel claim under New York law is broader than the analogous right to counsel under the Sixth Amendment; (ii) even if petitioner's claim was cognizable, his claim would fail on the merits because his Sixth Amendment right to counsel had not attached to the rape charges

1

because judicial proceedings had not yet begun on those charges, and even if it had attached, petitioner's knowing, voluntary, and intelligent waiver of that right was valid; and (iii) the Appellate Division correctly determined that petitioner's right to counsel claim was meritless.

For the following reasons, the R&R is adopted in its entirety as the opinion of the Court, and the petition is DENIED.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally,

and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

Petitioner did not object to Judge Smith's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and the underlying record. Having done so, the Court finds no error, clear or otherwise.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

**CONCLUSION**

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated:  November 9, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

4